UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUZANNA P. G.,

     Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

Case No. 3:24-cv-05950-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a claim for DIB in June 2017, and for SSI in May 2020, alleging disability beginning January 25, 2015. AR 12. Her applications were denied at the initial level and on reconsideration. AR 12. ALJ Jo Hoenninger held a hearing in January 2024 and issued a decision the following month finding plaintiff not disabled. AR 12-24. The ALJ found that plaintiff had no severe medically determinable impairments for the Title II period (through September 30, 2016). AR 14-15. For the Title XVI period, the ALJ found

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

plaintiff's depression, anxiety, and possible schizophrenia were severe impairments. AR 15. Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> The claimant can understand and remember simple instructions; has sufficient concentration, persistence or pace to complete simple tasks; can tolerate occasional interactions with coworkers or supervisors but should not be required to work as part of a team; should have no required interactions with the public.

AR 16. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-6. Plaintiff appealed to this Court. *See* Dkt. 4.

## **DISCUSSION**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

- **Plaintiff's statements**

In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of her symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). The ALJ must specify which testimony is not credible and which evidence contradicts it. *Laborin v. Berryhill,* 867 F.3d 1151, 1155 (9th Cir. 2017).

At her hearing, plaintiff testified that she goes everywhere with her mom because of severe anxiety. AR 38. She does not have a driver's license and relies on her mom to drive her. *Id.* She stated that she has a hard time going out in public due to her anxiety and she will have panic attacks that require her to go back home. AR 40. When she goes grocery shopping, sometimes she can make it in the store, but other times she has panic attacks and goes out to the car and tries not to look at people. AR 48. Plaintiff stated that she is unsure why she has panic attacks or what triggers them. AR 48. She also has racing thoughts from schizophrenia and worries that people are going to look at her or say something to her when out in public. AR 40, 47.

Plaintiff testified that medication has improved her schizophrenia symptoms, so she no longer talks to herself or has violent outbursts. AR 41. Yet she still suffers from anxiety, racing thoughts, and panic attacks. *Id*. She stated that she doesn't do any household chores or cooking because she gets overwhelmed. AR 42, 46. She walks around her neighborhood once a week to try to conquer her anxiety. AR 44-45. She estimates that these walks are ten to fifteen minutes long. AR 45. Plaintiff testified that

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

she spends ten hours a day watching TV and doesn't use social media because it makes her too anxious. AR 46.

The ALJ found that plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence. AR 18. The ALJ found plaintiff's allegations inconsistent with the overall medical record, which indicated no psychiatric hospitalizations after 2019, normal mental status examinations outside of crisis times, and treatment notes indicating improvement in symptomatology with medication. AR 17-18. The ALJ also noted that plaintiff reported seeking disability secondary to her housing situation rather than her mental health impairments. AR 18.

Hospitalization

The ALJ's assertion that plaintiff had not been hospitalized since 2019 is incorrect – she was involuntarily hospitalized for approximately two weeks in April 2022. Dkt. 12 at 11; AR 1127, 1162, 1270. That aside, by finding plaintiff's record of hospitalizations inconsistent with her testimony, the ALJ seems to imply that if plaintiff's symptoms were as severe as she alleges, she would have been hospitalized more recently or more often. But mental impairments may be disabling even when they do not require psychiatric hospitalization. *Schiaffino v. Saul,* 799 F. App'x 473, 476 (9th Cir. 2020) ("Hospitalization is not required to show that mental health conditions such as PTSD, OCD, and anxiety are disabling from employment.").

The Ninth Circuit has recognized that "the prognosis of chronic schizophrenia may well include periods between acute bouts in which symptoms, while controlled

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

enough to permit life outside an institution, still prevent the patient from pursuing normal employment." *Esselstrom v. Chater,* 67 F.3d 869, 872-73 (9th Cir. 1995) (quoting *Pagan v. Bowen,* 862 F.2d 340, 343 (D.C. Cir. 1988)). Plaintiff's hospitalization is not a valid reason to discredit her testimony.

Normal Mental Status Exams & Improvement with Treatment

The ALJ also found plaintiff's testimony inconsistent with normal mental status examinations outside of times of crisis and treatment notes indicating improvement with medication. AR 18. For both reasons, the ALJ largely cites visit notes dated after plaintiff's April 2022 hospitalization. *Id.* Following this hospitalization, plaintiff was treated with paliperidone, and her condition appears to have largely stabilized. *See generally* AR 1528-1636. But improvement in symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001). And plaintiff's improvement does not necessarily mean she did not experience disabling symptoms prior to receiving appropriate medication or that she could work before her symptoms stabilized. *Smith v. Kijakazi,* 14 F.4th 1108, 1114 (9th Cir. 2021).

At best, the evidence cited by the ALJ shows plaintiff's conditions improved beginning in May 2022 but does not foreclose the possibility that her conditions were disabling before that time. The ALJ erred by "seeking only to reach a single disability determination for the entire multi-year period, thereby failing to consider whether [plaintiff] was disabled for only a qualifying, early portion of that time." *Id.* at 1116.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

Motivation for Seeking Benefits

The ALJ also noted that plaintiff reported seeking disability secondary to her housing situation rather than her mental impairments. AR 18 (citing AR 953). ALJs may consider motivation and secondary gain in rejecting symptom testimony. *Tidwell v. Apfel,* 161 F.3d 599, 602 (9th Cir. 1998). The ALJ's findings are upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004).

Such an inference cannot be reasonably drawn here. The record cited by the ALJ is a mental health assessment completed while plaintiff was hospitalized in August 2019 and was asked what brought her into treatment. *See* AR 18 (citing AR 953). Plaintiff stated, "I'm just seeking help with housing and the eye glasses. That's what I'm searching for. I could do it myself, but it is overwhelming and I would like help. I have normal irritation and normal upsets. I was overwhelmed with my housing situation and needed to get on disability and that's why I'm in here." AR 953.[1] It is unclear how the ALJ interpreted this statement as indicative of a motivation for secondary gain that would undermine plaintiff's credibility, and the ALJ offered no explanation. Without more, this was not a clear and convincing reason to discredit plaintiff.

In sum, the ALJ failed to supply clear and convincing reasons supported by substantial evidence to reject plaintiff's subjective symptom testimony.

---

[1] The record reveals that plaintiff was involuntarily hospitalized after putting her mother in a headlock during a psychotic episode, during which she was found to be "exhibiting a severe loss of cognitive and volitional control, lack of insight and judgment, responding to internal stimuli, delusions, thought blocking, paranoid, and liable mood." AR 341, 343.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

- **Medical evidence**

Plaintiff challenges the ALJ's rejection of the 2017 and 2019 medical opinions of David T. Morgan, Ph.D. Dkt. 12 at 3-5. Under the regulations applicable to this case, the ALJ was required to articulate how persuasive she found each medical opinion or prior administrative medical finding and explain how she considered supportability and consistency in her analysis. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability means the extent to which a medical source supports their opinion by explaining the relevant medical evidence. *Woods v. Kijakazi,* 32 F.4th 785, 791-92 (9th Cir. 2022). Consistency means the extent to which an opinion is consistent with the evidence from other medical and non-medical sources in the claim. *Id.* at 792. An ALJ cannot reject an opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

The ALJ found both opinions unpersuasive as to the Title XVI period, based on: they were inconsistent with the overall medical evidence, including no psychiatric hospitalization after 2019; improvement with medication; and normal mental status exams outside of crisis periods. AR 21-22. The ALJ also found the 2017 opinion unpersuasive for this period because it was unsupported by the normal mental status exam. AR 21. As for the Title II period, the ALJ found both opinions unpersuasive because the exams occurred after the date last insured and thus did not reflect plaintiff's functionality during that period. AR 21-22.

<u>Consistency</u>

The ALJ's consistency analysis here is identical to that used to reject plaintiff's symptom testimony. As discussed above, the ALJ incorrectly found that plaintiff had no

hospitalizations after 2019, and hospitalization is not required to find a mental impairment disabling. *Schiaffino,* 799 F. App'x at 476; *Esselstrom,* 67 F.3d at 872-73. And plaintiff's improvement with medication and the normal mental status exams after that point do not rule out the possibility that plaintiff was as limited as found by Dr. Morgan at the time of his examinations. *Smith,* 14 F.4th at 1116 ("later improvement…does not render the earlier medical opinions unreliable because they report more severe symptoms."). Accordingly, the ALJ's consistency findings are not supported by substantial evidence.

Supportability

As for supportability, the ALJ found both opinions unpersuasive for the Title II period because Dr. Morgan's examinations were conducted after plaintiff's DLI and thus not indicative of her functionality during that period. AR 21. But "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Smith v. Bowen,* 849 F.2d 1222, 1225 (9th Cir. 1988). Here, Dr. Morgan found plaintiff's impairments had onset dates of 2007 (2017 opinion) and 2014 (2019 opinion). *See* AR 1363-64, 1372. Plaintiff's date was last insured on September 30, 2016. AR 14. Because this evidence is relevant to the alleged disability period, the ALJ erred by rejecting the opinions because they post-dated plaintiff's date last insured.

The ALJ also found Dr. Morgan's 2017 opinion unpersuasive for the Title XVI period because of normal mental status examination. AR 21. Plaintiff argues that the opinion is supported by a detailed narrative discussion of her symptoms and history. Dkt. 12 at 5. Substantial evidence supports the ALJ's finding. Dr. Morgan found that

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

plaintiff's mood was anxious, but every other category of the MSE was within normal limits. AR 1374-75. Dr. Morgan's opinion largely consists of quoted statements from plaintiff regarding her symptoms without many independent findings or observations. AR 1371. Considering such normal MSE results, and the lack of other independent findings, the Court cannot say that the ALJ's conclusion was an unreasonable interpretation of the evidence. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005) (an ALJ may permissibly reject a physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations).

The ALJ reasonably found Dr. Morgan's 2017 opinion unsupported and therefore unpersuasive. Yet the ALJ's supportability and consistency findings about the 2019 opinion are not supported by substantial evidence. Accordingly, the ALJ erred in her assessment of Dr. Morgan's 2019 opinion.

Plaintiff also argues that the ALJ's analysis of the prior administrative medical findings is not supported by substantial evidence, and that those findings are lacking in supportability and consistency. Dkt. 12 at 10. Plaintiff's argument is conclusory and thus insufficient to establish harmful error. *James M. v. Comm'r of Soc. Sec.,* 2020 WL 3605630, at *2 (W.D. Wash. July 2, 2020).

<u>Lay witness evidence</u>

Plaintiff alleges that the ALJ failed to evaluate the lay statements of SSI Facilitator Robert Roper and Social Services Specialist Cristy Vargas. Dkt. 12 at 14.

For applications filed on or after March 27, 2017, such as this one, an ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources using the requirements for medical sources. 20 C.F.R. § 416.920c(d). The 2017

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 9

regulations did not remove the requirement that an ALJ consider lay witness statements. *See, e.g.*, 20 C.F.R. § 416.945(a)(3) ("We will also consider descriptions and observations of your limitations from your impairment(s) ... by you, your family, neighbors, friends, or other persons."); 20 C.F.R. § 416.929(a) ("We will consider any description your ... nonmedical sources may provide...."). But ALJs need not discuss evidence that is neither significant nor probative. *Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1012 (9th Cir. 2003).

Here, neither statement includes an assessment of functional limitations relating to plaintiff's impairments. *See* AR 237, 1368. The ALJ therefore did not err in failing to discuss these statements. *Barney v. Berryhill,* 769 F. App'x 465, 466 (9th Cir. 2019) (ALJ does not err in failing to discuss lay statements that contain no opinions as to a claimant's functional limitations); *Aguilar v. Kijakazi*, 2022 WL 2340804, at *1 (9th Cir. June 29, 2022) ("The ALJ did not err by failing to evaluate the lay evidence from two social workers because the ALJ is not required to discuss evidence that is neither significant nor probative.").

- **Whether the ALJ Properly Evaluated Plaintiff's Severe Impairments**

Plaintiff assigns error to the ALJ's finding that Plaintiff had no severe impairments during the Title II period. Dkt. 12 at 2-3. Plaintiff was last insured on September 30, 2016. AR 14. The ALJ found no severe medically determinable impairments before the DLI as there was minimal evidence before that date. AR 18.

The step two inquiry is a *de minimis* screening device used to dispose of groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment can be found "not severe" only if the evidence establishes a slight

abnormality that has "no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988).

"Although the medical record paints an incomplete picture of [plaintiff's] overall health during the relevant period, it includes evidence of problems sufficient to pass the *de minimis* threshold of step two." *Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir. 2005). Plaintiff was diagnosed and treated for anxiety and depression before her date last insured. AR 302. In summarizing the evidence before plaintiff's DLI, the ALJ omitted portions of the visit notes where plaintiff described the functional impact of her anxiety and depression. For instance, at a follow up in April 2016, plaintiff reported that she was increasingly unable to leave her house. AR 315. At her next follow up in July, she reported difficulty getting up in the morning and complained that her anxiety kept her from going places and being social. AR 308. And in summarizing plaintiff's September 2016 visits, the ALJ failed to note plaintiff's reports of anxiety when going to stores, and that she did not like to be around people. AR 305.

The Court declines to speculate whether plaintiff was disabled within the meaning of the Social Security Act as of the date last insured. But this evidence suggests that plaintiff's impairments had more than a minimal effect on her ability to work. *Yuckert,* 841 F.2d at 306. Thus, the ALJ erred by finding that plaintiff had no severe impairments before her date last insured. Such error is harmless, however, as the ALJ proceeded with the five-step analysis as to plaintiff's impairments in the context of her SSI application, which was based on the same impairments as those alleged in support of plaintiff's DIB application. A finding in plaintiff's favor on this issue would not have altered the ALJ's ultimate determination that plaintiff is not disabled. *Stout v.*

*Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055-56 (9th Cir. 2006) (error is harmless when the record shows that the error is "inconsequential to the ultimate nondisability determination").

## **CONCLUSION**

For those reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings. On remand, the Commissioner shall conduct a de novo hearing, allow plaintiff to present additional evidence, reevaluate the medical evidence and plaintiff's testimony, and proceed with the sequential analysis as necessary.

Dated this 18th day of February, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 12